859 P.2d 1329

**In the Matter of a Suspended Member of the State Bar of Arizona, James Byers FEELEY, Respondent.**

**No. SB–93–0043–D.**
**Comm. Nos. 90–1669, 90–2167, 91–0184 and 91–0848.**

Supreme Court of Arizona.

Sept. 23, 1993.

Harriet L. Turney, Chief Bar Counsel, State Bar of Arizona, Phoenix, for the State Bar.

## JUDGMENT AND ORDER

This matter having come on for hearing before the Disciplinary Commission of the Supreme Court of Arizona, it having duly rendered its decision and no timely appeal therefrom having been filed, and the Court having declined *sua sponte* review,

IT IS ORDERED, ADJUDGED AND DECREED that **JAMES BYERS FEELEY**, a suspended member of the State Bar of Arizona, is hereby disbarred for conduct in violation of his duties and obligations as a lawyer, as disclosed in the commission report attached hereto as Exhibit A.

IT IS FURTHER ORDERED that pursuant to Rule 63(a), Rules of the Supreme Court of Arizona, **JAMES BYERS FEELEY** shall notify all of his clients, within ten (10) days from the date hereof, of his inability to continue to represent them and that they should promptly retain new counsel, and shall promptly inform this court of his compliance with this Order as provided by Rule 63(d), Rules of the Supreme Court of Arizona.

IT IS FURTHER ORDERED **JAMES BYERS FEELEY** shall be assessed the

costs of these proceedings in the amount of $895.39.

## EXHIBIT A

Before the Disciplinary Commission

of the

Supreme Court of Arizona

Comm. Nos. 90–0531, 90–1669, 90–2167, 91–0184 and 91–0848

In the Matter of

James Byers Feeley,

a Suspended Member of the

State Bar of Arizona,

Respondent.

## DISCIPLINARY COMMISSION REPORT

[Filed Aug. 2, 1993.]

This matter came before the Disciplinary Commission of the Supreme Court of Arizona on March 13, 1993, for review of the record on appeal, pursuant to Rule 53(d), R.Ariz.Sup.Ct. The Commission considered the Hearing Committee's recommendation of disbarment. No objections to the Hearing Committee's recommendation were filed.

### Decision

By a concurrence of the seven members present,[1] the Commission adopts the recommendation of the Hearing Committee that Respondent be disbarred. The Commission also unanimously adopts the findings of fact and conclusions of law of the Hearing Committee.[2]

1. Commissioners Doyle, Goldsmith, Malm, and Swick did not participate in these proceedings. Christopher Jensen and Robert Miles participated as ad hoc members.

2. Respondent has not provided the State Bar with his current address, as required by Rule 31(c)(3). Therefore, pursuant to Rule 55(b)(6), service of the pleadings in this matter was made upon the clerk of the court, who mailed copies of the pleadings to Respondent by certified mail at his last known address. As all pleadings

### Facts

This matter concerns Respondent's mishandling of the cases of four clients. Client A retained Respondent in 1988 to seek damages for losses incurred in connection with the burglary of the client's leased residence. Respondent filed a complaint alleging that the burglary was the result of the collapse of a rotted window frame. In support of this contention, Respondent submitted the police report and the investigating officer's deposition. However, both the report and the deposition clearly indicated that the burglar did not gain entry by means of the rotted window frame but, rather, by smashing the window. When the defendant attempted to resolve this contradiction, Respondent did not respond. When he also failed to respond to the defendant's motion for summary judgment, final judgment was entered in favor of the defendants, including an award of over $9,200 in attorney fees and costs.

Client B was a limited partnership which retained Respondent in 1987. In February and June of 1990 and in January 1991, Client B asked Respondent about the status of partnership funds and requested an accounting thereof. It also directed Respondent not to distribute funds without the authorization of one of the limited partners. Respondent never replied to these requests, although as of October 1990, Respondent held in excess of $30,000 on behalf of Client B.

Client C retained Respondent concerning injuries he received in an automobile accident. On behalf of Client C, Respondent signed a medical lien in favor of a chiropractic center. Subsequently, Respondent made repeated assertions to the chiropractic center in November and December 1990

were returned to the clerk as undeliverable by the post office, Respondent apparently received none of the pleadings in this matter. In accepting the findings of fact and conclusions of law of the Committee, the Commission notes that its recommendation of disbarment does not depend on its finding that Respondent knowingly failed to respond to and cooperate with the disciplinary process, in violation of Rule 51(h) and (i), respectively. Respondent's underlying conduct, in itself, warrants disbarment.

that he would send them a check for $5,390; however, the center received nothing until January 8, 1991. That check was returned for insufficient funds. The chiropractic center did not receive the actual funds until late January 1991.

Respondent was retained by Client D to recover damages for breach of a covenant not to compete. Respondent filed a lawsuit on Client D's behalf in April 1989, and filed a motion for summary judgment in April 1990. In December 1990, Respondent informed Client D that the motion for summary judgment had been granted. In fact, the motion had been denied in August of that year.

In March 1991, Respondent informed Client D that $4,800 in damages had been collected and that he was pursuing attorneys' fees. In fact, the lawsuit was dismissed in January 1991 for lack of prosecution.

Respondent failed to respond to the State Bar's inquiries into all of these matters.

The Committee found that Respondent's conduct violated ER 1.1, ER 1.3, ER 1.4, ER 1.15, ER 3.1, ER 8.1, ER 8.4, and Supreme Court Rule 51(h) and (i). The Committee dismissed an additional count which concerned Respondent's conviction of a misdemeanor.

### Procedural History

Respondent has not participated in the disciplinary process. The State Bar attempted personal service of the complaint and discovered that Respondent no longer resides at his address of record. After unsuccessful attempts to locate Respondent, the complaint was served upon the clerk of the Supreme Court. As Respondent failed to respond, the complaint was deemed admitted.[3] All subsequent relevant pleadings were served in the same manner. Respondent was notified of his right to be heard in mitigation and, again, failed to respond. Respondent was notified

of the opportunity to object to the Committee's report and to file a statement on review before the Commission. Respondent did not object to the Committee report, did not file a statement on review, and did not request oral argument before the Commission. Respondent was notified of the State Bar's request for oral argument and of the scheduled oral argument, but did not appear at the hearing before the Commission.

### Discussion of Decision

The Commission agrees that Respondent violated ER 1.1, ER 1.3, ER 1.4, ER 1.15, ER 3.1, ER 8.1, ER 8.4, and Supreme Court Rule 51(h) and (i).

The American Bar Association's *Standards for Imposing Lawyer Sanctions* are used by the Court in considering the appropriate sanction for a violation of the Rules of Professional Conduct. *In re Ockrassa*, 165 Ariz. 576, 799 P.2d 1350 (1990).

Standard 4.51 provides for disbarment when a lawyer's course of conduct demonstrates that the lawyer does not understand the most fundamental legal doctrines or procedures, and the lawyer's conduct causes injury or potential injury to a client. The Commentary to this standard states, "Disbarment should be imposed on lawyers who are found to have engaged in multiple instances of incompetent behavior."

Standard 4.41 provides for disbarment when a lawyer knowingly fails to perform services for a client or engages in a pattern of neglect with respect to client matters, and causes serious or potentially serious injury to a client.

Standard 8.1 provides for disbarment when a lawyer has been suspended for the same or similar misconduct, and intentionally or knowingly engages in further acts of misconduct that cause injury or potential injury to a client, the public, the legal system, or the profession. Respondent was previously suspended for matters arising

---

**3.** Rule 53(c)(1) provides that a respondent shall file an answer to the complaint within twenty days after service, or longer if extended by the committee. If a respondent does not respond within the prescribed time, the complaint shall be deemed admitted.

"out of circumstances similar to the incidents in this matter," [4] and, in fact, currently remains on suspension.

Standard 9.22 lists factors to be considered in aggravation, many of which are present. Respondent has prior disciplinary offenses,[5] he exhibited a pattern of misconduct, there were multiple offenses, he failed to cooperate with the State Bar's investigation into these matters, he has substantial experience in the practice of law, and has expressed no interest in making restitution. No factors in mitigation, listed in Standard 9.32, were found.

■ The Commission agrees with the Committee that Respondent should not be practicing law. Respondent filed a lawsuit knowing that the evidence did not support the allegations of the complaint. Respondent accepted representation of numerous clients, then failed to diligently pursue their cases. Respondent lied to a client about his progress on its case. The potential serious harm to his clients is obvious. The Commission agrees with the Committee that disbarment is the only appropriate sanction.

RESPECTFULLY SUBMITTED this 10th day of May, 1993.

/s/Raymond W. Brown
Raymond W. Brown, Chair
Disciplinary Commission

---

**4.** Hearing Committee Report, p. 6.

**5.** In addition to the prior suspension, Respondent was previously informally reprimanded.